**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| GARY DETMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19-cv-00151-SNLJ |
| | ) |
| REAL TIME SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Real Time Resolutions, Inc. (incorrectly named here as Real Time Solutions, Inc.) ("Defendant"), for its Answer and Affirmative Defenses to Plaintiff's Petition ("Complaint," Doc. 4), states, avers, and alleges as follows:

### INTRODUCTION AND JURISDICTION

1. Paragraph 1 does not require a response. To the extent a response is required, Defendant denies the same.

2. Paragraph 2 does not require a response. To the extent a response is required, Defendant denies the same.

3. Responding to Paragraph 3, Defendant denies that it "directed" any "illicit conduct at Plaintiff."

4. Paragraph 4 does not require a response.

### PARTIES

5. Upon information and belief, Defendant admits that Plaintiff is natural person, but is without sufficient information to admit or deny the remaining allegations contained in Paragraph 5 and, therefore, denies the same.

OM 515914.1

6. Defendant admits that it is a corporation, but states that its principal place of business is a legal conclusion and, thus, no response is required. Further responding to Paragraph 6, Defendant admits that a portion of its business relates to the collection of debts.

7. With respect to the first sentence of Paragraph 7, Defendant admits that a portion of its business relates to the collection of debts. The second sentence of Paragraph 7 is a legal conclusion and no response is required.

## ALLEGED FACTS

8. Defendant admits that it has contacted Plaintiff within the previous twelve (12) months by letter and that the parties have spoken by telephone. Further responding to Paragraph 8, Defendant denies that its written communications constituted "dunning letters."

9. Defendant denies the allegations contained in Paragraph 9.

10. Defendant denies the allegations contained in Paragraph 10.

11. Defendant is without sufficient information to admit or deny the allegations in Paragraph 11 and, therefore, denies the same.

12. Defendant denies the allegations contained in Paragraph 12.

13. Defendant denies the allegations contained in Paragraph 13.

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant denies the allegations contained in Paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

OM 515914.1

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant is without sufficient information to admit or deny the allegations in Paragraph 31 and, therefore, denies the same.

## COUNT I: ALLEGED VIOLATION OF THE FDCPA

32. Defendant re-alleges and incorporates by reference all of the above paragraphs.

33. Defendant admits that a portion of its business relates to the collection of debts due to another, but the remainder of Paragraph 33 is a legal conclusion and no response is required.

34. Paragraph 34 does not require a response. To the extent a response is required, Defendant denies the same.

35. Defendant denies the allegations contained in Paragraph 35, including all subparts.

## DEMAND FOR JURY TRIAL

Defendant acknowledges Plaintiff's right to request a jury trial on the issues so triable.

## **AFFIRMATIVE DEFENSES**

1. Defendant acted in good faith with reasonable grounds to believe that its actions were not in violation of law, including the FDCPA, and the actions were unintentional and/or were the result of a bona fide error as defined in the FDCPA.

2. Plaintiff's claims may be barred, in whole or in part, to the effect Plaintiff failed to mitigate his damages, the existence of which damages Defendant specifically denies.

3. To the extent it is determined that Defendant violated the FDCPA, which Defendant specifically denies, any award of damages or attorneys' fees would be improper because any such violation would be de minimis, inconsequential and not material.

4. Plaintiff's claims may be barred in whole or in part by the doctrine of unclean hands.

5. Defendant reserves the right to add further affirmative defenses as discovery and litigation of this case progress.

WHEREFORE, having fully responded to the allegations contained in the Complaint, Defendant prays that this Court dismiss the claims brought by Plaintiff with prejudice to future actions, at Plaintiff's costs, and for such other and further relief as the Court deems just and proper.

DATED this 20th day of February, 2019.

Respectfully submitted,
SPENCER FANE LLP

By: /s/ Joshua C. Dickinson
Joshua C. Dickinson, #51446MO
13520 California Street, Suite 290
Omaha, NE 68154
(402) 965-8600 (telephone)
(402) 965-8601 (facsimile)
jdickinson@spencerfane.com

OM 515914.1

>Patrick T. McLaughlin, #48633MO
>1 North Brentwood Blvd., Suite 1000
>St. Louis, MO 63105
>(314) 863-7733 (telephone)
>(314) 862-4656 (facsimile)
>pmclaughlin@spencerfane.com
>
>*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, this 20th day of February, 2019, with notice of case activity generated and sent electronically to all counsel of record.

>/s/ Joshua C. Dickinson